IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. DILMORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALION SCIENCE AND ) <br> TECHNOLOGY CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 11-72 <br> Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I.  INTRODUCTION

Presently before the Court is a partial Motion to Strike Insufficient Reponses in Defendant's Answer, (Docket No. 24), wherein Plaintiff James A. Dilmore ("Dilmore") moves the Court to strike responses of Defendant Alion Science and Technology Corporation ("Alion") to certain paragraphs of the Complaint, to direct Alion to file an Amended Answer adequately addressing said paragraphs, and to direct Alion to expressly state its reason for terminating Dilmore. (Docket No. 24 at 3). For the following reasons, Plaintiff's Motion [24] is DENIED.

A.  *Factual Background*

This is an age discrimination suit filed pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"). Because the factual background of this action is presented in great detail elsewhere,[1] only the basic facts of the case are provided herein.

Dilmore is an adult resident of Pennsylvania. (Docket No. 11 at 2). Alion is an employee-owned technology company, whose headquarters are located in McLean, Virginia. (Docket No.

---

1 *See* (Docket No. [19] at 1-5).

4-1 at ¶¶ 3, 6). Alion maintains several offices in Virginia and the metropolitan D.C. area. (*Id.* at ¶¶ 5-7). The company also maintains a small office near Pittsburgh, Pennsylvania. (*Id.* at ¶ 11).

This action arises out of Dilmore's termination in July 2010. (*See* Docket Nos. 1 at ¶ 36-55, 17-3, 17-4). Dilmore was hired by Alion in October of 2004, (Docket No. 1 at ¶ 7), and was, at some point, promoted to Vice President of Corporate Development. (*Id.* at ¶ 13). Yet, he claims that he was terminated due to illegal age discrimination.

Around the time of Dilmore's 65th birthday, Alion posted an advertisement for Plaintiff's position on its website. (*Id.* at ¶¶ 29-30). Dilmore was only made aware of the advertisement by another Alion employee, and Dilmore raised the issue with a superior. (*Id.* at 31-32). Dilmore claims that the advertisement was subsequently removed. (*Id.* at ¶¶ 32, 35).

Shortly thereafter, on June 30, 2010, Dilmore was summoned to a meeting in Virginia to, so Dilmore claims, discuss work projects. (*Id.* at ¶ 36; Docket No. 17 at 1). At this meeting, according to Dilmore, he was informed that applications would be solicited for his replacement, (Docket No. 1 at ¶ 38), and that Alion would no longer have a position for him. (*Id.* at ¶ 41). Dilmore was given a "General Release" agreement and an unsolicited offer of severance pay. (*Id.* at ¶ 45). Dilmore declined both. (*Id.* at ¶ 53). Hence, he was terminated. (*See id.* at ¶¶ 44-54). His discharge gives rise to the instance suit.

As to the facts pertinent to this motion, there are two broad categories of pleadings that Dilmore moves this Court to strike. The first category includes those pleadings in which "Alion denies any characterization of any documents or writings as a written 'admission,' which states a legal conclusion to which no response is required." (*See* Docket No. 22 at ¶¶ 14-23). An example of these pleadings from Dilmore's Complaint states that "By Alion's written admission, Plaintiff had tremendous experience managing large proposals." (Docket No. 1 at ¶ 15). To this end,

Dilmore cites an employee performance review for the period ending September 30, 2008. (Docket No. 24-3 at 2).

The other category of pleading with which Dilmore takes issue is those pleadings that state that "[t]he averments of Paragraph [X] purport to interpret a document that speaks for itself." (Docket No. 22 at ¶¶ 47, 48, 51, 55, 57, 58). Paragraph 47 is exemplary of the Complaint's pleadings to which Alion responded: "The unsolicited agreement that Alion presented to Plaintiff and told him to sign falsely characterized Plaintiff's termination as a resignation." (Docket No. 1 at ¶ 47). Alion has not admitted or denied these statements, but simply claims that the document speaks for itself. Alion has also pled three affirmative defenses. Alion claims that Dilmore's claims are barred by the applicable administrative time limitations, that Dilmore failed to mitigate his losses, and that it is entitled to an offset of any damages that Dilmore could have earned through mitigation. (*See* Docket No. 22 at ¶¶ 69-71).

B. *Procedural Background*

Dilmore commenced the current action by filing his Complaint on January 19, 2011. (*Id.*). Alion then filed a motion to change venue, with brief in support, on February 21, 2011. (Docket Nos. 4, 5). Dilmore filed his response thereto on March 7, 2011, (Docket No. 11), and the Court heard oral argument on March 11, 2011, (*see* Docket No. 14). The Court issued a memorandum opinion and order denying Alion's motion to transfer on April 21, 2011. (Docket Nos. 19, 20).

On May 13, 2011, Alion filed its Answer. (Docket No. 22). Following same, Dilmore filed the instant motion and supporting brief. (Docket Nos. 24, 25). Alion responded to the motion, (Docket No. 26), and Dilmore replied. (Docket No. 29). The parties also presented their

concerns to the Court during the June 14, 2011 case management conference. (Docket No. 34). The motion is fully briefed, and is, therefore, ripe for disposition.

II.   PARTIES' ARGUMENTS

   A. *Plaintiff's Arguments*

Dilmore's motion puts forth two distinct arguments. First, Dilmore challenges Alion's responses to ¶¶ 14-23, 47, 48, 51, 55, 57, and 58 of his Complaint. (*Id.* at ¶3). Alion's Answer states that ¶¶ 14-23 are "legal conclusions," while the documents cited in ¶¶ 47, 48, 51, 55, 57, and 58 "speak for themselves." (*See* Docket No. 22, ¶¶ 14-23, 47, 48, 51, 55, 57, 58). Dilmore argues that, because "Rule 8 requires admissions or denials," (Docket No. 24 at 1), this Court should strike Alion's answers and order Alion to properly admit or deny the challenged paragraphs. Since Dilmore never explicitly states what the legal basis is for this motion, the Court presumes that Dilmore is operating under Rule 12(f). Dilmore also requests, in relation to his motion to strike, that the Court order Alion to file an Amended Answer that properly responds to the pleadings at issue. (Docket No. 24 at 3).

Dilmore additionally requests that Alion expressly state its reason for terminating his employment. (Docket No. 24 at ¶ 2). Dilmore argues that the burden-shifting regime of *McDonnell Douglas v. Green*, 411 U.S. 792, 803 (1973), requires a defendant to "articulate a legitimate, non-discriminatory reason" for its adverse employment action, apparently in its Answer. (*See* Docket No. 25 at 2). Dilmore, therefore, seeks to have the Court compel Alion to expressly state its "legitimate, non-discriminatory" reason for terminating him in its Answer.

   B. *Defendant's Arguments*

Alion responds to these arguments by first noting that motions to strike under Rule 12(f) are disfavored by the courts. *See Tauro v. Baer*, 2009 WL 2410952, *1 (W.D. Pa. Aug. 4, 2009)

(Conti, J.). Striking a defense is only appropriate when "the insufficiency of the defense is clearly apparent." *Id.* (citing *Cippollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)).

Alion asserts that Dilmore's "written admission" pleadings are merely legal conclusions, to which Alion need not further respond. (Docket No. 26 at 5). As to its responses that the documents "speak for themselves," Alion argues that its responses are appropriate given Dilmore's "sweeping and generalized characterizations of certain documents." (*Id.* at 6).

Alion also argues that Dilmore's motion confuses the pleading requirements of Rule 8(b) with the *McDonnell Douglas* burden-shifting regime. (Docket No. 26 at 3). *McDonnell Douglas*, says Alion, addresses only the production of evidence, *not* the averments in an Answer. (*Id.*). Alion also says that the appropriate time to provide "particular facts" pertaining to its legitimate, non-discriminatory termination of Dilmore is during discovery. (*Id.* at 3-4). Therefore, according to Alion, the statements in its Answer are more than sufficient.

III. DISCUSSION

    A. *Motion to Strike Insufficient Responses to Defendant's Answer*

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to grant or deny a motion to strike a pleading is within the sound discretion of the court. *See Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir. 1909); *Canady v. Erbe Electromedizin GMBH*, 307 F.Supp.2d 2, 7 (D.D.C. 2004); *Tauro*, 2009 WL 2410952 at *1.

Because they are such drastic remedies, motions to strike are generally disfavored. *Canady*, 307 F.Supp.2d. at 7-8 (citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981); *Miller v. Group Voyagers, Inc.*, 912 F.

Supp. 164, 168 (E.D. Pa. 1996); *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991); *Mirshak v. Joyce*, 652 F.Supp. 359, 370 (N.D.Ill. 1987); *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D.Conn. 1979)). A court should only grant a motion to strike where the insufficiency of the defense is readily apparent, *Cippollone*, 789 F.2d at 188, or when it is clear that the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties…" *United States v. Rocky Mt. Holdings, Inc.*, --- F.Supp.2d ---, 2011 WL 891823, *6 (E.D. Pa. 2011). Because the pleadings at issue are direct responses to Dilmore's initial pleadings, they are clearly not redundant, immaterial, impertinent, or scandalous. This leaves insufficiency as the only ground upon which this motion can be granted.

Here, the Court is not convinced that the challenged paragraphs of Alion's answer are so insufficient as to merit their striking. As to paragraphs 14-23, Alion has clearly denied Dilmore's allegations. Dilmore characterizes statements made in various documents as "admissions," and it is this characterization that Alion denies. (*See*, *e.g.*, Docket No. 22 at ¶ 14 (denying Dilmore's characterization of a writing as an admission)). Likewise, Alion makes clear that it disagrees with Dilmore's interpretation of various documents in ¶¶ 47, 48, 51, 55, 57, and 58. Whether or not these responses may be deemed admitted for failure to deny under Rule 8(b)(5), a question upon which the Court reserves judgment, the Court does not view these answers as so clearly insufficient as to merit the relief Dilmore seeks. Dilmore's motion to strike insufficient responses is, therefore, DENIED. Likewise, because the Court declines to strike Alion's responses, Dilmore's request that the Court direct Alion to replace the struck responses in an Amended Answer is also DENIED.

B. *Motion to Direct Defendant to State its Reason for Terminating Plaintiff*

Dilmore's effort to compel a direct statement of Alion's reason for terminating him

presents a different question altogether. As Dilmore paints the issue, the *McDonnell Douglas* burden shifting regime is dispositive. According to Dilmore, because *McDonnell Douglas* requires a defendant to "articulate a legitimate, non-discriminatory reason" for its adverse employment decision, Alion is required to expressly state its reason for terminating Dilmore in its Answer. (*See* Docket No. 25 at 2). Instead, Alion has simply pled that areas of Dilmore's work needed improvement and that Alion was making changes in its business. (*See* Docket No. 22 at ¶¶ 26, 38, 44). There appears to be no explanation in the complaint of how Dilmore's work needed improving, nor is there any explanation of how Dilmore's termination was necessitated by the changes Alion was making in its business.

By way of background, *McDonnell Douglas* created a three-part burden shifting procedure for analysis of employment discrimination cases at the summary judgment stage.[2] The *McDonnell Douglas* test only applies where direct evidence of discrimination is not available. *See Venter v. Potter*, 694 F.Supp.2d 412, 421 (W.D. Pa. 2010). In such a case, the plaintiff is first required to make a *prima facie* showing of illegal discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff has made a *prima facie* showing, the burden of production (but not persuasion) shifts to the defendant, who must articulate legitimate, nondiscriminatory reasons for the adverse treatment. *Id.* at 802-803. If the defendant satisfies this burden, the burden shifts back to the plaintiff, who must demonstrate that the reasons given are merely a pretext for unlawful discrimination. *Id.* at 804-805. The *McDonnell Douglas* burden shifting regime applies to "admissible evidence," and requires only that "the defendant's evidence raises a genuine issue

---

[2] Indeed, all the cases Plaintiff has cited to this Court to demonstrate pleading standards are decisions made at the summary judgment stage. *See Husick v. Allegheny County*, 2010 WL 1903748 at * 1 (W.D. Pa. 2010); *Iadimarco v. Runyon*, 190 F.3d 151, 153 (3d Cir. 1999); *Bates v. U.S. Postal Service*, slip op. No. 97-3090 (3d Cir. Jan. 16, 1998); *Johnson v. Women's Christian Alliance,* 76 F.Supp.2d. 582, 583 (E.D. Pa. 1999).

7

of fact as to whether it discriminated against the plaintiff." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981).

Nowhere in *McDonnell Douglas* does the Supreme Court refer to the parties' pleadings. Instead, the Supreme Court has stated that "[t]he prima facie case under *McDonnell Douglas*… is an evidentiary standard, *not a pleading requirement*." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (emphasis added).[3] If *McDonnell Douglas* established only an evidentiary standard for the *prima facie* case, and not a pleading requirement, it seems to this Court that there is no compelling reason, under *McDonnell Douglas*, to require a defendant to explicitly set forth its reasoning – in other words, to make out its *prima facie* rebuttal – at the initial pleading stage of the litigation. *Cf. Swierkiewicz*, 534 U.S. at 514 (holding "that an employment discrimination plaintiff need not plead a *prima facie* case of discrimination" to survive a motion to dismiss).

The Court would observe here that Plaintiff's argument seems to couch a *Twombly/Iqbal* insufficiency of pleading argument in terms of the *McDonnell Douglas* framework.[4] To that end, the Court notes that the majority of the District Courts in the Third Circuit have rejected the

---

[3] The Court is aware that there is some question as to the continued viability of *Swierkiewicz* in light of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). It seems to this Court that this question is actually a nullity, as the Supreme Court expressly rejected the contention that *Twombly* "ran counter" to *Swierkiewicz*. *Twombly*, 550 U.S. at 569-70. Therefore, this Court sees no reason to question the viability of *Swierkiewicz*, at least insofar as its distinction between pleading and evidentiary standards is concerned. *See In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 319 n.17 (3d Cir. 2010) (reconciling *Twombly* and *Swierkiewicz*).

[4] The Court notes that Dilmore's attorney has previously attempted to make this argument in more direct terms. *See Lapic v. MTD Prods., Inc.*, Civ. Action No. 09-760, 2009 U.S. Dist. LEXIS 84925, *9-10 (W.D. Pa. Sept. 17, 2009). As this discussion indicates, this Court declines to accept this argument in the context of the *McDonnell Douglas* analysis.

application of *Twombly* and *Iqbal* to defensive pleadings.[5] The Court is cognizant of the fact that there is some disagreement on this issue among district courts in other circuits.[6] It is also cognizant of the fact that the emerging majority of district courts apply the *Twombly*/*Iqbal* standards to at least affirmative defenses.[7] Still, if this Court was to accept Dilmore's thinly-

---

[5] *See Robuck v. Mine Safety Appliances Co.*, Civ. No. 10-763, 2010 U.S. Dist. LEXIS 104956, *2 (W.D. Pa. Oct. 1, 2010); *Lapic v. MTD Prods., Inc.*, Civ. No. 09-760, 2009 U.S. Dist. LEXIS 84925, *9-10 (W.D. Pa. Sept. 17, 2009); *Romantine v. CH2M Hill Engineers, Inc.*, Civ. No. 09-973, 2009 WL 3417469, *1 (W.D. Pa. Oct. 23, 2009); *Tyco Fire Prods. LP v. Victaulic Co.*, --- F.Supp.2d ---, 2011 WL 1399847, *5 (E.D. Pa. 2011); *F.T.C. v. Hope Now Modifications, LLC*, Civ. No. 09-1204, 2011 WL 883202, *3 (D.N.J. 2011); *Charleswell v. Chase Manhattan Bank, N.A.*, Civ. No. 01-119, 2009 WL 4981730, *4 (D.V.I. Dec. 8, 2009).

[6] *Compare, e.g.*, *Westbrook v. Paragon Sys.*, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. 2007) (Unlike Rule 8(a), "[n]either [Rule 8(b) nor Rule 8(c)] expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense.") and *McLemore v. Regions Bank*, 2010 WL 1010092, at *13, (M.D. Tenn. 2010) ("[*Twombly*] does not mention affirmative defenses or any other subsection of Rule 8. *Iqbal* also focused exclusively on the pleading burden that applied to plaintiffs' complaints.") *with HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687 (N.D. Ohio 2010) and *Nixson v. The Health Alliance*, 2010 WL 5230867, *2 (S.D. Ohio 2010) ("The Court agrees with the reasoning of the courts applying the *Iqbal*/*Twombly* pleading standard to defenses.").

[7] *See CTF Dev., Inc. v. Penta Hospitality, LLC,* No. C 09-02429 WHA, 2009 WL 3517617, at *7-8 (N.D.Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *Tracy ex rel. v. NVR, Inc.,* No. 04-CV-6541L, 2009 WL 3153150, at *7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conclusory terms, unsupported by any factual allegations, as "plainly deficient under the <u>Iqbal</u> standard"); *FDIC v. Bristol Home Mortg. Lending, LLC,* No. 08-81536-CIV, 2009 WL 2488302, at *2-4 (S.D.Fla. Aug. 13, 2009) (applying *Twombly* to affirmative defenses); *Teirstein v. AGA Medical Corp.,* No. 6:08 cv 14, 2009 WL 704138, at *6 (E.D.Tex. Mar. 16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); *Greenheck Fan Corp. v. Loren Cook Co.,* No. 08-cv-335-jps, 2008 WL 4443805, at *1-2 (W.D.Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.,* No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D.Tex. Sept. 22, 2008) (applying *Twombly* pleading specificity standard to affirmative defenses); *Safeco Ins. Co. of Am. v. O'Hara Corp.,* 2008 WL 2558015, at *1 (E.D.Mich. June 25, 2008) (holding that the *Twombly* plausibility standard applies in the context of a defendant asserting an affirmative defense); *Holtzman v. B/E Aerospace, Inc.,* No. 07-80551-CIV, 2008 WL 2225668, at *2, (S.D.Fla. May 28, 2008) (citing *Twombly* as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement);

veiled invitation to engage in this debate, it would be compelled to follow its previous holding in *Robuck* and the holdings of other District Courts within the Third Circuit and find that the heightened pleading standards in *Twombly* and *Iqbal* are not applicable to responsive pleadings. This Court believes such a holding is in accord with the Court of Appeals' decisions in the wake of *Twombly* and *Iqbal* that concentrated on Rule 8(a)'s "showing" requirement. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("'Plausibility' is related to the requirement of a Rule 8 'showing.'"); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."). Rule 8(b) and 8(c) do not require a showing, which leads this Court to the conclusion that, at least under current Third Circuit law, *Twombly* and *Iqbal* are not applicable to defensive pleadings.

Therefore, this Court sees no precedential authority that would give it the power to compel Alion to expressly state its reason or reasons for terminating Dilmore's employment. First, despite Dilmore's arguments to the contrary, *McDonnell Douglas* is not a pleading standard that requires a defendant to make a positive showing of a legitimate, nondiscriminatory reason for terminating the plaintiff in its Answer. This argument might be compelling at the summary judgment stage if Alion rested on its pleadings, but it is not here. Second, to the extent that Dilmore attempts to persuade this Court to apply a heightened pleading standard in accord with *Twombly* and *Iqbal*, the precedents of this Court and others within the Third Circuit lead this Court inexorably to the conclusion that it is inappropriate to apply *Twombly* and *Iqbal* to the Answer.

The Court is chagrined, however, that given the proceedings before the EEOC and given

---

*United States v. Quadrini,* No. 2:07-CV-13227, 2007 WL 4303213, at *3-4 (E.D.Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses).

the fact that Alion has available, at its fingertips, the personnel file and relevant decision makers whose actions precipitated this lawsuit, Alion still finds itself unable (or unwilling) to state, in clear and precise terms, its reasons for terminating Dilmore's employment. Such specific pleadings would certainly help "secure the just, speedy, and inexpensive determination" of the proceeding, FED.R.CIV.PRO. 1, but as the law of this Circuit stands, the motion shall be DENIED.

IV.   CONCLUSION

For the foregoing reasons, Dilmore's motion in DENIED.


*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   July 11, 2011

cc/ecf:   All counsel of record.